UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————x

HONG MAI,

                Plaintiff,

          v.

CAROLYN W COLVIN
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

———————————————————x

**MEMORANDUM & ORDER**
14–CV–5414 (PKC)

PAMELA K. CHEN, United States District Judge:

On September 16, 2014, Plaintiff Hong Mai, proceeding *pro se*, commenced this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 1383(c)(3), challenging the denial by the Commissioner of Social Security ("Defendant" or the "Commissioner") of Plaintiff's application for Supplemental Security Income ("SSI"). (Dkt. 1.) Pending before the Court is the Commissioner's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). (Dkt. 10.) The Commissioner's motion is GRANTED. As explained below, because a hearing on Plaintiff's application is currently pending before an Administrative Law Judge ("ALJ"), there is no final decision for this Court to review.

### ***BACKGROUND***

Plaintiff initially filed an application for SSI on March 27, 2002. (Dkt. 11−1 (Declaration of Katherine Rae Lingen dated Feb. 4, 2015 ("Lingen Decl.")) Ex. 1 at 4.) Her claim was denied, and she filed a request for an administrative hearing. (*Id.*) ALJ Sol Wieselthier held a hearing, and on December 27, 2005, issued an unfavorable decision. (*Id.*) The Appeals Council

denied Plaintiff's request for review, and Plaintiff sought judicial review in this Court. (*Id.*); *see Mai v. Astrue*, 06 CV 2978 (ARR) (E.D.N.Y. 2006).

By order of this Court, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's claim for further administrative proceedings. (Lingen Decl. Ex. 1 at 4.) ALJ Wieselthier conducted another hearing, and by decision dated November 7, 2008, found Plaintiff not disabled. (*Id.*) The Appeals Council denied review, and Plaintiff again commenced a civil action. (*Id.*); *see Mai v. Commissioner of Social Security*, 10 CV 2028 (ARR) (E.D.N.Y. 2010).

This Court remanded the case, and the Commissioner's decision was again vacated and assigned to ALJ Hazel C. Strauss, who conducted a *de novo* hearing on September 13, 2012. (Lingen Decl. Ex. 1 at 4, 22.) On July 18, 2013, ALJ Strauss issued a decision finding Plaintiff not disabled. (*Id.* ¶ (3)(a) & Ex. 1.) On July 21, 2013, Plaintiff submitted exceptions to the ALJ's decision to the Appeals Council. (*Id.* ¶ (3)(a).)

On May 21, 2014, the Appeals Council determined that there was no basis to assume jurisdiction of the final decision, except that Plaintiff was a potential class member eligible for retrospective relief pursuant to the Settlement Agreement approved in *Padro v. Astrue*, 11 CV 1788 (CBA) (RLM) (E.D.N.Y. Oct. 18, 2013) ("*Padro* Settlement").[1] (Lingen Decl. ¶ (3)(b).) By Notice dated June 5, 2014, the Appeals Council acknowledged Plaintiff's request for relief pursuant to the *Padro* Settlement, found that she was eligible for relief, and remanded the case to

---

[1] In the *Padro* class action, claimants whose social security disability benefits had been denied by one of five named ALJs––including ALJ Strauss––alleged that the named ALJs systematically deprived social security claimants of their right to a full, fair, and non-adversarial hearing before an impartial adjudicator. *Padro v. Astrue*, 11 CV 1788, 2013 WL 5719076, at *1 (E.D.N.Y. Oct. 18, 2013). The *Padro* class action settlement, which the Chief Judge of this Court approved on October 18, 2013, provided that any class member whose claim for disability benefits was adjudicated by one of the named ALJs, and was either denied or partially denied between January 1, 2008 and October 18, 2013, was entitled to readjudication of his or her claim before a different ALJ. *Id.* The settlement required that class members affirmatively request readjudication within 60 days of receiving notice of their right to relief. *Id.*

2

an ALJ who was not named in the class action for further administrative proceeding. (*Id.* ¶ (3)(c) & Ex. 2.) A subsequent hearing is presently pending at the hearing office. (*See id.*)

On September 16, 2014, Plaintiff filed this action seeking review of the July 18, 2013 ALJ decision. (Dkt. 1 ¶ 6.) On March 10, 2015, the Commissioner moved to dismiss the complaint pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction, specifically, that Plaintiff has failed to administratively exhaust her claim. (Dkts. 10; 11.) Along with her motion, the Commissioner served Plaintiff with a Notice Pursuant to Local Rules 12.1 and 56.2 (the "Notice"), informing Plaintiff that the Court may treat the Commissioner's motion to dismiss as one for summary judgment pursuant to FRCP 56. (Dkts. 9 (Letter of Service); 11−2 (Notice).) The Notice explains that judgment may be entered in the Commissioner's favor without a trial if Plaintiff fails to respond to the motion "with affidavits or documentary evidence contradicting the facts asserted by the defendant[.]" (Dkt. 11–2 at 2.) The Notice also informs Plaintiff to contact the Pro Se Office of this Court with any questions and attaches the text of Local Rules 12.1 and 56.1 and FRCP 56. (*Id.* at 2 & Attachs.)

Plaintiff responded and submitted an Affidavit, dated March 2, 2015, in opposition to the Commissioner's motion. (Dkt. 14.) Plaintiff's Affidavit affirms that she received a decision dated June 18, 2013 denying her benefits. (*Id.* at 1.) Plaintiff asserts that the decision was incorrect and unfair, and overlooked medical evidence demonstrating that she has been disabled since 1996. (*Id.* at 1−2) The Affidavit does not address the reassignment of Plaintiff's claim to a new ALJ pursuant to the *Padro* Settlement, or reference the pendency of another administrative hearing. (*See id.*)

3

## DISCUSSION

**I.      Judicial Review of Claims Under the Social Security Act**

Title XVI of the Social Security Act (the "Act") governs SSI for the aged, blind, and disabled. *See* 42 U.S.C. § 1381 *et seq.* Judicial review of claims arising under Title XVI is provided for in 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) ("section 405(g)").[2] Section 405(g) states:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) clarifies that the remedy provided in section 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

Thus, section 405(g) explicitly precludes judicial review absent a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). A "final decision" under 42 U.S.C. § 405(g) is comprised of two components: "(1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have

---

[2] 42 U.S.C. § 1383(c)(3) states that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

4

been exhausted." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011) (summary order); *see Dobson v. Comm'r of Soc. Sec.*, 10 CV 6167, 2014 WL 1909363, at *5 (S.D.N.Y. May 12, 2014) (citing *Mathews*, 424 U.S. at 328–30). The jurisdictional presentment requirement is "easily satisfied," *Dobson*, 2014 WL 1909363, at *5, and requires only that a claimant made a formal or informal request for benefits, *see Clark v. Astrue*, 274 F.R.D. 462, 466–67 (S.D.N.Y. 2011) (citing *City of New York v. Heckler*, 742 F.2d 729, 735 (2d Cir. 1984) (holding that although mere inaction does not satisfy the presentment element, submission of a disability questionnaire sufficed)). In this case, the Commissioner does not contest that Plaintiff satisfied this non-waivable requirement by filing her application for SSI.

The second requirement of a "final decision" is that a claimant must have administratively exhausted her claims. *Dobson*, 2014 WL 1909363, at *6. This requirement is "not strictly jurisdictional" because the Commissioner can waive it when she "satisfies [herself], at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond [her] power to confer." *Id.* (citing *Mathews*, 424 U.S. at 330) (alterations in *Dobson*). To properly exhaust a claim under Title XVI, a claimant must complete a four-step administrative review process: (i) initial determination; (ii) reconsideration; (iii) ALJ decision; and (iv) Appeals Council review. 20 C.F.R. § 416.1400. When a case has been remanded by a district court, the ALJ's decision is a final decision subject to district court review, unless the Appeals Council assumes jurisdiction. 20 C.F.R. § 416.1484. It is only after the completion of the full administrative process that a claimant receives a "final decision of the Commissioner," which triggers the right to judicial review under the statute. 42 U.S.C. § 405(g); *see Bowen v. City of New York*, 476 U.S. 467, 482 (1986).

Although "exhaustion is the rule, waiver the exception," *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992), the Court may excuse failure to exhaust despite the Commissioner's objection under certain limited circumstances, including where (i) the claim at issue is collateral to a demand for benefits; (ii) exhaustion would be futile; (iii) the plaintiff would suffer irreparable harm if required to exhaust; and (iv) the claim presents a constitutional question unsuited to resolution by administrative review. *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Bowen*, 476 U.S. at 483 and *Mathews*, 424 U.S. at 330–32); *see Dobson*, 2014 WL 1909363, at *6; *Figueroa v. Comm'r of Soc. Sec.*, 12 CV 07129, 2013 WL 3481317, at *4 (S.D.N.Y. July 11, 2013). The decision whether to waive exhaustion "should also be guided by the policies underlying the exhaustion requirement." *Bowen*, 476 U.S. at 484. These policies include preventing "premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors," "afford[ing] the parties and the courts the benefit of its experience and expertise," and "compil[ing] a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *see also McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (exhaustion serves the "twin purposes of protecting administrative agency authority and promoting judicial efficiency").

II. **Motion for Summary Judgment Pursuant to Rule 56**

The Commissioner moves for dismissal pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. However, "[b]ecause 'the failure to exhaust is a waivable (i.e., non-jurisdictional) requirement . . .,' dismissal for failure to exhaust may not be appropriate on a [FRCP] 12(b)(1) motion." *Zachery v. Colvin*, 14 CV 1645, 2015 WL 5821638, at *2 (E.D.N.Y. Sept. 30, 2015) (quoting *Escalera*, 457 F. App'x at 5, n.1); *Humber v. Comm'r of Soc. Sec.*, 14 CV 5520, 2015 WL 3609188, at *1 (S.D.N.Y. June 4, 2015) ("the requirement that

administrative remedies be exhausted is not jurisdictional, and the case therefore cannot be dismissed under Rule 12(b)(1)")). Nevertheless, where a claimant has received "'unequivocal' notice that the Commissioner's motion might be treated as one for summary judgment and of the nature and consequences of summary judgment, as well as an opportunity to present opposing evidence," the motion may be decided as one for summary judgment pursuant to FRCP 56. *Escalera*, 457 F. App'x at 5, n.1; *see Zachery*, 2015 WL 5821638, at *2.

Here, the failure to exhaust administrative remedies is the sole ground on which the Commissioner moves to dismiss Plaintiff's claims. The Court therefore construes the motion as one brought under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted, as opposed to a FRCP 12(b)(1) motion for lack of subject matter jurisdiction. Further, because both parties have submitted evidence outside the pleadings, the Court will convert the motion to dismiss to one for summary judgment pursuant to FRCP 56 and 12(d). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under [FRCP] 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [FRCP] 56."). This is appropriate here because Plaintiff received explicit and unequivocal notice of the possibility and consequences of such a conversion in the Notice, and availed herself of the opportunity to present opposing evidence in the form of a sworn affidavit. *See Escalera*, 457 F. App'x at 5, n.1; *Zachery*, 2015 WL 5821638, at *2−3.

Under FRCP 56, summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant meets this burden, "the non-movant must set forth

7

specific facts showing that there is a genuine issue for trial." *See Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (citation and internal quotation marks omitted). The non-movant cannot avoid summary judgment "through mere speculation or conjecture" or "by vaguely asserting the existence of some unspecified disputed material facts." *Id.* (citations and internal quotation marks omitted). Moreover, the disputed facts must be material to the issue in the case, in that they "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When evaluating a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "No genuine issue exists if, on the basis of all the pleadings, affidavits and other papers on file, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, it appears that the evidence supporting the non-movant's case is so scant that a rational jury could not find in its favor." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

Additionally, submissions by *pro se* litigants are accorded liberal construction. *Smith v. Levine*, 510 F. App'x 17, 20 (2d Cir. 2013) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). The Court therefore interprets Plaintiff's *pro se* submissions to raise the strongest arguments they suggest. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014).

### III. Failure to Exhaust and Waiver

In this case, the Commissioner has yet to render a final decision that is subject to judicial review. Plaintiff's Complaint and Affidavit in opposition to the Commissioner's motion confirm

8

that by this action, she seeks review of ALJ Strauss's unfavorable decision dated July 18, 2013. (Dkts. 1; 14.)[3] However, Plaintiff's Affidavit does not dispute that after the July 18, 2013 decision, the Appeals Council determined that Plaintiff was eligible for relief pursuant to the *Padro* Settlement. (*See* Lingen Decl. ¶ (3)(b).) Importantly, Plaintiff does not contradict the Commissioner's evidence that Plaintiff requested relief pursuant to the *Padro* Settlement, and that, by notice dated June 5, 2014, the Appeals Council remanded her claim to another ALJ for further administrative proceedings. (*See id.* ¶ (3)(b)−(c) & Ex. 2.) Plaintiff's Affidavit also does not contest that a subsequent administrative hearing is presently pending to readjudicate her claim. (*Compare* Dkt. 14 at 2 (asserting that a hearing was previously conducted in 2013) *with* Lingen Decl. ¶ (3)(c) (attesting that a hearing is currently pending) & Ex. 2 (notice dated June 5, 2014 indicating that Plaintiff's case would be assigned to a new ALJ, who would offer Plaintiff an opportunity for a hearing).) Thus, the undisputed facts demonstrate that the administrative review process has not been completed.

Furthermore, the Court declines to waive the exhaustion requirement in this case. None of the circumstances justifying excusing nonexhaustion are present. *See Pavano*, 95 F.3d at 150. Plaintiff's pending claim concerns the issuance of benefits and therefore is not collateral to a demand for benefits. There is no indication that exhaustion would be futile, or that Plaintiff would suffer irreparable harm if required to exhaust. The claim also does not present a constitutional question unsuited to resolution by administrative review. Lastly, the Court concludes that the policies underlying the exhaustion requirement do not support waiver. Rather,

---

[3] Plaintiff's Affidavit in opposition to the Commissioner's motion erroneously identifies the decision date as *June* 18, 2013. (*See* Dkt. 14.) Her Complaint, however, reflects the correct date as *July* 18, 2013, as confirmed by the copy of the decision attached to the Lingen Declaration. (*See* Dkt. 1 ¶ 6; Lingen Decl. Ex. 1.) This minor discrepancy does not constitute a disputed material fact.

9

permitting the agency to conduct the full review process in this case serves the purpose of preventing "premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors[.]" *See Weinberger*, 422 U.S. at 765.

Therefore, there are no material issues of disputed fact, and the Commissioner is entitled to judgment as a matter of law. Plaintiff must await the resolution of her claim before the new ALJ, and complete administrative review of that decision before seeking review by this Court.

## *CONCLUSION*

For the foregoing reasons, the Commissioner's motion to dismiss is GRANTED pursuant to FRCP 12(d) and 56(a), and this case is dismissed. The Clerk of Court is respectfully requested to enter judgment and terminate this action.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: December 9, 2015
Brooklyn, New York